IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ENRIQUE MENDOZA<br><br>    Petitioner,<br><br>**v.**<br><br>OFFICER KONRAD KACZYNSKI,<br><br>    Defendant. | NO. 1:17-cv-07056<br><br>**Honorable Jeffrey Cole** |

## FIRST AMENDED COMPLAINT

Plaintiff, ENRIQUE MENDOZA, by and through his attorneys Arturo Jauregui and Jauregui & Associates, P.C., and for his First Amended Complaint against defendant, OFFICER KONRAD KACZYNSKI, in his official capacity as Cook County Corrections Officer, agent/employee, and alleges as follows:

### THE PARTIES

1. Plaintiff Enrique Mendoza ("Mendoza"), is a resident of the City of Chicago, State of Illinois, County of Cook.

2. Defendant Officer, Konrad Kaczynski (hereinafter referred to as "Kaczynski"), is a Cook County Sheriff's Corrections Officer and as such is an official representative and agent of the County acting under the color of law. Officer Kaczynski is sued in his official capacity.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a). This Court has subject matter jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. Sec. 1367 and 1441. This Court has personal jurisdiction

over the defendant as he is a resident of Illinois and all actions complained of herein occurred in Illinois.

4. Venue is proper in this District because all the conduct complained of herein occurred in this District.

## SPECIFIC ALLEGATIONS

5. In February of 2015, Plaintiff Mendoza was taken into police custody and subsequently housed at the Cook County Jail ("CCJ") as a pretrial detainee on charges of aggravated sexual assault.

6. At the time of the incident at issue, plaintiff was a pretrial detainee in the sole care, custody and control of Cook County Jail.

7. As Mendoza was a pretrial detainee, CCJ was required to house him in protective custody, pending the final disposition of his trial.

8. In or around February of 2015, Mendoza was transferred to and spent the months of February, March and April in Mesa County Jail in Illinois.

9. Mendoza returned to CCJ in May of 2015 until being transferred to Kankakee County Jail in or around August, 2015.

10. Between August 2015, and February 2017, Mendoza had been primarily housed at the Cook County Jail.

11. Between March 2017, and April of 2017, Mendoza had been housed in Livingston County Jail.

12. Mendoza was returned to CCJ on May 13, 2017.

13. On May 13, 2017, after being received at CCJ, Mendoza was taken to Division 9 3G, Cell 3292, by a Cook County Sheriff's Correctional Officer.

14. On the walk to the designated jail cell, the Officer that escorted Mendoza told him that his cellmate would be "Phil."

15. Prisoner "Phil," (Phil Prentice), an inmate with a well-known reputation for beating other inmates and stealing their personal property. Specifically Phil had assaulted Rigoberto Guillen and taken his commissary money in December of 2016, and had also assaulted Hector de la Mora in 2015.

16. Mendoza was aware of Phil's reputation, and had known of Phil since 2015, and would see Phil in CCJ every couple of months.

17. Mendoza requested that the Officer place him in a different cell.

18. The Officer responded by threatening Mendoza to throw him "in the hole" if he did not go into the cell with Phillip, so Mendoza accepted the cell designation.

19. On the morning of May 16, 2017, Phil ate Mendoza's designated "breakfast square," and Mendoza asked Phil "what happened to my breakfast square."

20. Phillip replied by saying that Mendoza is "a bitch, everybody takes your food away from you," and proceeded to challenge him to a fight and said he would beat up Mendoza.

21. Mendoza then went to the chuckhole of the prison cell door and asked another inmate to call an officer to get him out of the cell because Phil wanted to fight him, and he did not want to engage.

22. Officer Kaczynski approached the door, and Mendoza requested he be let out of the cell and moved to another cell because Phillip wanted to fight him and he did not want to fight Phillip.

23. Officer Kaczynski responded by saying that the only way that Mendoza could be moved was if he were to be placed with the general population; however, Mendoza did not want to be placed within the general population because his safety would still be put at risk.

24. Officer Kaczynski told Mendoza that he needed to be placed in handcuffs to be moved out of the cell, whereby Mendoza proceeded to grab his personal belongings and place his hands through the chuckhole.

25. As Mendoza placed his hands through the chuckhole to be handcuffed, Phillip attacked him from behind, including grabbing Mendoza by the hair and banging his head against the chuckhole, causing Mendoza to be unconscious and fall to the ground.

26. When Mendoza regained consciousness, he remembered being kicked multiple times in the chest, and proceeded to defend himself – eventually putting Phillip in a headlock.

27. Subsequently, other officers went into the cell, spraying mace on Mendoza and Phil, before carrying Mendoza, unable to walk, on to a stretcher and transferring him to the infirmary.

28. Mendoza sustained serious injuries to his back, head, forehead, mouth, lips, with the injury to his forehead requiring more than seven stitches.

29. On the same day of the assault, Mr. Mendoza was transferred to Stroger Hospital where he was treated for his injuries.

30. From the time of his initial detention to the time of the incident complained of herein, Mendoza was under the sole care, custody and control of the County and its agents at the CCJ, including but not limited to, defendant Kaczynski, and it was the duty of the defendant to protect the plaintiff from harm while he was in their care, custody and control.

4

## COUNT I
(42. U.S.C. § 1983 Claim )

31. Plaintiff realleges and incorporates by reference paragraphs 1-30 of the Complaint as if set forth in full herein.

32. At the time of the physical assault, Kaczinsky was acting under color of law and within the scope of his authority as a Cook County Sheriff's Corrections Officer.

33. As a direct and proximate result of Kaczinsky's misconduct, Mendoza suffered permanent grievous bodily harm, pain and mental anguish and/or great emotional distress.

34. Said misconduct further violated the plaintiff's due process right to be free from unjustified intrusions on his personal safety and to be free from physical injury under the Fourth and Fourteenth Amendments to the United States Constitution and was a proximate cause of said constitutional violations.

35. Kaczinsky's misconduct was performed knowingly, intentionally, and maliciously, or with reckless and/or knowing disregard and indifference for the Mendoza's rights, by reason of which Mendoza is entitled to compensation for his damages and injuries.

36. At all relevant times herein, it was the duty of the Officer Kaczinksy, to protect the personal safety of County Jail pre-trial detainees, including plaintiff, against unjustified physical violence and physical injury by other detainees.

37. Notwithstanding the foregoing duty, defendant violated plaintiffs civil and constitutional rights by:

 a. Asking plaintiff to place his hands through the chuckhole to be handcuffed inside the cell when he knew that plaintiff's was in imminent danger of bodily harm by Phill.;

 b. Failing to protect plaintiff from a well-known risk of bodily harm and assault by his cellmate;

5

    c.    Failing to take adequate measures to protect plaintiff from imminent physical attack by his cellmate;

    d.    Facilitating Phil's physical assault on plaintiff by placing plaintiff in a vulnerable position when defendant ordered plaintiff to place his hand through the chuckhole to be handcuffed.

38. As a direct result of one or more of the foregoing acts and or omissions, and misconduct by defendant, plaintiff sustained serious bodily injuries including, injuries he sustained serious and permanent injuries to his back, head and his left eye, for which he will require future medical treatment.

39. Defendant's foregoing acts and or omissions constitute deliberate indifference to plaintiff's due process rights to be free from unjustified intrusions on his personal safety and his rights to be free from physical assault under the Fourth and Fourteenth Amendment of the Constitution of the United States.

40. WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against the defendant Officer Kaczinsky, and that plaintiff be awarded compensatory damages for his injuries and civil and constitutional rights violations, reasonable attorneys' fees, costs, and such further relief as this Court deems just.

## Jury Demand

Plaintiff demands trial by jury.

Date: July 10, 2019

    Respectfully submitted,
    By One of Plaintiff's Attorneys

    */s/ Arturo Jauregui*
    Arturo Jauregui
    Jauregui & Associates
    1545 W. 18th Street
    Chicago, IL 60608
    ajauregui@pilsenlawcenter.com
    312-781-9103